**IN THE COURT OF APPEALS OF IOWA**

No. 4-054 / 13-0916
Filed July 16, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TODD CARBER,**
        Defendant-Appellant.
_____
        Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.


        A defendant appeals his judgment and sentence for serious injury by vehicle by reckless driving and operating a motor vehicle while under the influence.  He claims the district court erred in finding that it had no discretion to suspend his sentence.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, Shellie L. Knipfer, Assistant Appellate Defender, and John D. Twillman, Student Legal Intern, for appellant.

        Thomas J. Miller, Attorney General, Sharon K. Hall, Assistant Attorney General, John P. Sarcone, County Attorney, and Brendan E. Greiner, David Porter, and Celene Gogerty, Assistant County Attorneys, for appellee.


        Heard by Vaitheswaran, P.J., Mullins, J., and Miller, S.J.*  McDonald, J., takes no part.

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VAITHESWARAN, P.J.**

Todd Carber entered *Alford*[1] pleas to (1) serious injury by vehicle by reckless driving and (2) operating a motor vehicle while under the influence. He filed a motion for adjudication of law points on the question of whether the district court had authority to suspend his sentence to the first crime. The district court concluded it lacked authority to suspend the sentence.

On appeal, Carber contends "the district court erred in finding that it had no discretion to suspend [his] sentence for serious injury by vehicle by reckless driving when he also pled guilty to operating while under the influence." Part II A of our analysis in *State v. Rouse*, No. 13-0981 (Iowa Ct. App. July 16, 2014), filed on this date, is controlling.

We conclude the district court lacked discretion to suspend Carber's sentence to the serious-injury-by-vehicle-by-reckless-driving count. We affirm Carber's judgment and sentence.

**AFFIRMED.**

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").